UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC E. QUINTON,<br><br>            Petitioner,<br>v.<br><br>(WARDEN) I. CLAY, et al.<br><br>            Defendants. | Civil No.07cv361 LAB (WMc)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL** |

Petitioner, a state prisoner proceeding pro se, has requested appointment of counsel to pursue his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [Doc. No. 3] The request for appointment of counsel is denied.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2005); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." Abdullah v. Norris, 18 F.3d at 573 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)); Hoggard, 29 F.3d at 471; Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993); Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Because these factors are useful in determining whether due process requires the appointment of counsel, they are considered to the extent possible based on the record before the Court. Here, Petitioner has sufficiently represented himself to date by filing a comprehensive Petition. [Doc. No. 1.] From the face of the petition, filed pro se, it appears that Petitioner has a good grasp of this case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). At this early stage of the proceedings, the Court finds that the interests of justice do not require the appointment of counsel.

For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel at this time. Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: March 29, 2007

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

Copy to:

HONORABLE LARRY A. BURNS, U.S. DISTRICT JUDGE
ALL COUNSEL OF RECORD
PRISONER *PRO SE*