# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC E. QUINTON,<br><br>                Petitioner,<br>vs.<br><br>I. CLAY, Warden,<br><br>                Respondent. | CASE NO. 07cv0361-LAB (WMc)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION; AND**<br><br>**ORDER RE: DISCOVERY** |

Petitioner, a prisoner proceeding *pro se*, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). This matter was referred to Magistrate Judge William McCurine for report and recommendation pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d). Respondent moved to dismiss, and supported their motion with lodgments. On November 28, 2007, Magistrate Judge McCurine issued his report and recommendation (the "R&R") finding Petitioner had waited over one year after his state conviction became final to file his first state habeas petition. The R&R therefore concluded the Petition was barred under the Antiterrorism and Effective Death Penalty Act's one-year limitations period. *See* 28 U.S.C. § 2244(d)(1). The R&R therefore recommended denying the Petition with prejudice. The R&R notified Petitioner of his right to object, and cautioned him that failure to object within the time permitted might waive his appellate rights. (R&R at 20:1–5.)

Petitioner filed objections to the R&R ("Objections"), which the Court has reviewed. Petitioner does not dispute the R&R's conclusion that his conviction became final on September 14, 2004 and the one-year limitations period therefore began to run on September 15, 2004. (R&R at 4:13–18.) The R&R also found Petitioner filed his first habeas petition in California state court on October 14, 2005, well over a year later. (*Id.* at 18–19.) The R&R also found he filed a second petition (the "Disputed Petition") in state court on December 12, 2005. (*Id.* at 21–22.) Although Petitioner's objections are lengthy, his principal argument is that the Disputed Petition was actually his first petition, and that he delivered it to a correctional officer for mailing on August 30, 2005. Secondarily, he argues he is entitled to equitable tolling, because of general delays caused by the prison mailing system. Except for certain pages in Lodgment 7, Petitioner does not dispute the authenticity of any of the lodgments, nor did he object to Judge McCurine's reliance on them.[1]

If the R&R is correct, the Petition is time-barred under the limitations period set forth in § 2244(d)(1). If, however, Petitioner delivered the Disputed Petition to a prison official for mailing to the state court on August 30, 2005, as he argues, he is entitled to tolling from that date. *See* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir. 2001) (holding that a prisoner's federal or state habeas petition is deemed filed at the time he delivers it to the prison authorities for forwarding to the court clerk) (citation omitted). If Petitioner is entitled to tolling, the Petition would be timely under § 2244(d)(1).

The parties do agree the Disputed petition was dated August 30, 2005. Initially, the burden falls on Respondent to show this was not the true mailing date. *Washington v.*

---

[1] Petitioner did object that he had not received copies of the lodgments, but he was served with a full set in time to file his Objections. His objections assume the authenticity of all lodgments except Lodgment 7, into which he maintains additional documents have been inserted.

*United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed. Absent evidence to the contrary in the form of prison logs or other records, [the court] will assume that [petitioner's] motion was delivered to prison authorities the day he signed it . . . .") (citation omitted).  In this case, Respondent has submitted evidence in the form of mail logs, declarations, and other documents, which the R&R discusses.

Unfortunately for Petitioner, the state courts made a finding in this regard.  In ruling on the Disputed Petition, the Superior Court found it to be a second petition, and relied on this finding in denying the Disputed Petition.  The Court of Appeal relied on the Superior Court's finding to reach the same conclusion.

Under § 2254(e)(1), findings of fact by state courts are presumed correct and can only be set aside on clear and convincing evidence.[2]  Petitioner points to two pages of the mail log (Obj. to R&R, Ex. A; Resp.'s Lodgment 19 at 1, 15), indicating two pieces of mail were sent by him to someone in the District Attorney's office and to the Superior Court on September 2, 2005.  In addition, his Objections, which he submitted under penalty of perjury, offer his own representations regarding when he mailed the Disputed Petition.  This evidence favors Petitioner because it shows he did mail two items around the time he said he did to the Superior Court and the District Attorney's office, respectively.

Petitioner's state habeas petition filed October 14, 2005 mentions a habeas petition filed August 30, 2005, and purports to amend it.  (Lodgment 5 (Notice and Notice of Motion amending habeas petition, dated Oct. 5, 2005) at 1:20–22 ("Petitioner is aware that a prior petition for writ of habeas corpus was filed into court August 30, 2005 . . . ."))  In two documents filed with the Superior Court, both dated October 30, 2005 and file-stamped November 8, Petitioner again says he mailed his petition on August 30.  (Lodgment 7 at 154–55, 158–59.)  While not conclusive, these three documents favor his position.  The

---

[2] This is not a case where the state court is alleged to have made unreasonable findings of fact in light of the evidence before it, *see Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). Rather, as noted below, Petitioner never presented the evidence to the state courts he now presents to this Court.

1 | Superior Court, however, said it had received no such petition (Lodgment 6 at 2:4–5), and
2 | Petitioner never mentioned it in subsequent petitions filed with the Court of Appeals or
3 | Supreme Court. (*See* Lodgments 9 (state Court of Appeal petition), 11 (state Supreme
4 | Court petition).) Bearing in mind the Superior Court's decision, and the Court of Appeal's
5 | decision denying the Disputed Petition as a successive petition, Petitioner had an incentive
6 | to explain to the Supreme Court why the Disputed Petition was actually his first petition.

7 |     The same mail log also shows Petitioner mailed two items, to the same attorney in
8 | the District Attorney's office and to the same division of the Superior Court again on
9 | December 8, 2005. (Lodgment 13 at 17, 20). These entries are annotated to show the
10 | material is <u>dated</u> August 30, 2005. (*Id.*) Among the lodgments is a photocopy of the
11 | envelope Petitioner mailed the Disputed Petition in; a copy of this is also included as
12 | Attachment 1 to Respondent's motion to dismiss and as Exhibits 1 and 2 to Respondent's
13 | reply to the opposition to the motion to dismiss. Petitioner accepts this as genuine and relies
14 | on it in his Objections.

15 |     The face of this envelope bears two postage labels bearing the date December 8,
16 | 2005. The return address gives Petitioner's location as 1-4-124-Low, which Petitioner says
17 | was his location on August 30 but not on December 8. (Obj. at 16:11–20.) He argues this
18 | would have been corrected if it were inaccurate. The envelope is addressed to "District
19 | Attorney Ms. Shess, South Bay Superior Court(s)." This envelope contained the Disputed
20 | Petition, which the Superior Court denied on February 23, 2006. (Lodgment 8.) On the
21 | reverse appear the date "8/30/05" and what purports to be the signature of Officer David
22 | Villalva, who was responsible for accepting prisoners' mail. (Reply to Opp'n to Mot. to
23 | Dismiss, Ex. 2.) Respondent submits the declaration of Officer Villalva, who states the
24 | signature is not his nor does he sign prisoner mail in this fashion. (*Id.*, Ex. 3.) Officer
25 | Villalva's signature on his declaration and the signature on the envelope are noticeably
26 | different, as are the handwritten numbers. (*Id.*, Ex. 2.)

27 |     Petitioner flatly denies giving the Disputed Petition, or a copy of it, to Officer Villalva
28 | for mailing in December, 2005. (Obj. at 6:26–28 (". . . Petitioner did not mail these

documents on December 8, 2005; he mailed these documents on August 30, 2005.") Rather, his position is that he submitted only one copy of the Disputed Petition on August 30, but for reasons beyond his control or knowledge the mailing was delayed until December. This is a substantial assertion, because the Disputed Petition includes documents dated after August 30, which Petitioner explains by stating these documents were from an entirely different filing but were deliberately misnumbered so as to mislead the Court. (Obj. at 3:7–14.) These newer documents, if they were included with the Disputed Petition, would show it the Disputed Petition was not delivered to Officer Villalva for mailing on August 30.

If Petitioner mailed the first copy of his Disputed Petition on August 30 and a replacement copy in December after learning it had not been received, it might explain a great deal. Under this scenario, Petitioner's filing would have been complete on August 30, 2005 when he handed his petition to Officer Villalva for mailing to the court. For unknown reasons, neither the Superior Court's copy nor the District Attorney's copy ever arrived, but whatever the reason, the limitations period would have been tolled as of August 30. This scenario is not possible under either party's version of the facts, however.

Given the evidence as it now exists, one possible conclusion is that Petitioner actually gave the Disputed Petition to Officer Villalva for mailing on August 30, 2005, but it was held and not mailed until December 8, 2005. Two entries for each piece of mail might have been generated for each piece of mail — one on September 2, and another on December 8. The December 8 notations "T/W 8/30/05," rather than standing for "typewritten" and "backdated to August 30, 2005" as Respondent argues, would actually stand for "trust withdrawal dated August 30, 2005." Under this scenario, the post-August 30 documents attached to the Disputed Motion might be explained as a recordkeeping accident by the state court.

A second possible conclusion is that the mail log entries for September 2, 2005 reflect something else besides the Disputed Petition being mailed, perhaps something the District Attorney and Superior Court would have taken no notice of and discarded. Petitioner might have done this by accident, only realizing his mistake in December, when he discovered his

unmailed petition. Petitioner also might have done this by design, as a way of buying himself more time to submit his petition. Either he or an accomplice then forged Officer Villalva's signature on the envelope, added the false date, and mailed the Disputed Petition without prison officials noticing the erroneous information on the envelope.

In federal habeas proceedings, the Court must presume the correctness of factual determinations by the state court. *Cooper v. Brown*, 510 F.3d 870, 919 (9th Cir. 2007). This applies both to explicit and implicit findings. *Id.* (citing *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983)). In ruling on what it considered the first petition, the Superior Court said it had no record Petitioner had filed the Disputed Petition on August 30, 2005 as he maintains. (Lodgment 6 at 2:3–5.) Later, when ruling on the Disputed Petition, the Superior Court found it was filed on December 12, 2005. (Lodgment 8 at 2:12–14.) Relying on this finding, the Superior Court denied the Disputed Petition. (*Id.* at 3:6–8 (finding Petitioner had not raised his claims either on appeal or in his first petition and thus was "engaging in piecemeal litigation").) The Court of Appeal adopted the Superior Court's findings along with the rest of its reasoning. (Lodgment 10.) The Court therefore presumes these findings are correct, unless Petitioner rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)

Although Petitioner had access to most or all of the same evidence as is before this Court when the matter was before the state courts, there is no record he ever brought it to their attention even though he knew they considered the Disputed Petition to be a successive petition and were denying it on that basis. Even if the state courts did not consider the same evidence, Petitioner could have asked them to rely on it.

Clear and convincing evidence is evidence that, when viewed as a whole, creates an abiding conviction that the truth of its factual contentions is highly probable. *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). Although Petitioner requests an evidentiary hearing, "an evidentiary hearing is not required [either] on issues that can be resolved by reference to the state court record," *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998), or else where the petitioner has failed to present clear and convincing evidence to rebut the state court's factual findings. *See Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007) (citing with approval

1  Clark *v. Johnson*, 202 F.3d 760, 767 (5th Cir. 2000) and *Campbell v. Vaughn*, 209 F.3d 280,
2  290 (3d Cir. 2000)).

3       The Court finds the evidence on the disputed issue of when Petitioner first filed his
4  Disputed Petition is in equipoise.  Given this state of the evidence, Petitioner has not
5  presented clear and convincing evidence the state courts' factual findings were incorrect.
6  For this reason, the Court must accept the state courts' finding that Petitioner filed the
7  Disputed Petition in December, 2005, well after AEDPA's limitations period had run.

8       Petitioner presents no other adequate grounds for tolling of the one-year limitations
9  period.  The Court therefore **ADOPTS** the R&R and **DENIES** the Petition **WITHOUT**
10  **PREJUDICE**.

11       Currently pending before Magistrate Judge McCurine is Petitioner's motion for
12  discovery, filed *nunc pro tunc* to December 20, 2007, the same day Petitioner filed his
13  Objections.  This discovery motion seeks documents by which Petitioner believes he can
14  show he filed the Disputed Petition on August 30, 2005.

15       The Court construes this as a motion for leave to file a motion for reconsideration
16  under Fed. R. Civ. P. 59 of this order, the holding of which Petitioner apparently anticipated.
17  The Court has reviewed the pleadings on Petitioner's motion for discovery and, finding good
18  cause, **GRANTS** the motion in part with respect to production of Petitioner's trust account
19  records and the housing unit logs.  Magistrate Judge McCurine shall supervise discovery,
20  and all matters pertaining to discovery are referred to him.  Respondent shall respond to the
21  discovery request within **15 calendar days from the date this order is entered**.  After he
22  responds to the discovery requests, the parties shall participate in a follow-up conference
23  with Magistrate Judge McCurine.  Counsel for Respondent shall contact Judge McCurine's
24  chambers to schedule this conference and shall arrange for Petitioner to participate
25  telephonically.  The follow-up conference is to take place no later than **30 calendar days**
26  **from the date this order is entered**.

27       Petitioner's implied request to file a motion for reconsideration based on any evidence
28  he may uncover is **DENIED WITHOUT PREJUDICE**.  In the event Petitioner obtains what

he considers to be clear and convincing evidence showing the Disputed Petition was filed on August 30, 2005, Petitioner is **ORDERED** first to file a motion for leave to seek reconsideration as required under ¶ 4(j) of the Court's own standing order.  His motion must summarize in five pages or less his argument and he must lodge (but not file) his proposed motion and all supporting documents.  If Petitioner wishes to seek leave to file a motion for reconsideration, he must do so no later than **60 calendar days from the date this order is entered**.

**If Petitioner does not seek leave to file a motion for reconsideration within the time permitted, or if his request for leave is denied, the Petition will be denied with prejudice, without further notice to Petitioner.**

**IT IS SO ORDERED**.

DATED: March 14, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge