# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ERIC E. QUINTON, | CASE NO. 07cv0361-LAB (WMc) |
|---|---|
| Petitioner, | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| I. CLAY, Warden, | |
| Respondent. | |

On August 31, 2009, the Court denied as untimely Petitioner's request for a writ of habeas corpus. Petitioner then filed a notice of appeal and requested a certificate of appealability ("COA").

A COA will issue only if Petitioner can show not only that his petition states valid constitutional claims, but also that reasonable jurists would find this Court's procedural ruling debatable. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

Here, Petitioner filed or attempted to file two habeas petitions in state court. He argues he first submitted a petition for mailing on August 30, 2005 and submitted a second petition on October 14, 2005. The state court first received the petition submitted October 14, and received the other petition in December, 2005. The state court found the petition it received in December was the second one Petitioner filed, and relied on this finding both at the Superior Court level and the Court of Appeal level.

Under 28 U.S.C. § 2254(e), a state court's findings of fact can only be set aside on clear and convincing evidence. Petitioner submitted substantial evidence in support of his position, but the Court examined this in detail and found it did not meet the "clear and convincing" standard. (*See* Order of March 17, 2008, 3:7–7:5.)  Petitioner was then permitted to conduct to discovery to gather any additional evidence he could to support his claim, but he failed to find any.

As it turned out, the question of whether Petitioner first filed his state habeas petition August 30 or October 14, 2005 is moot. Even if August 30 were the true filing date, his petition is still late and thus time-barred under AEDPA. Magistrate Judge McCurine made findings regarding the dates of various events. Except for the Petitioner's argument that he filed his first state habeas petition in August rather than October, he did not object to these findings.  Petitioner's conviction became final on September 14, 2004. (Report and Recommendation of Nov. 28, 2007 at 4.)  Thus, as of August 30, 2005, 349 days of the limitations period had passed. After the California Supreme Court denied his petition on January 17, 2007, he waited until at least February 18, 2007 to file his federal habeas petition. (*Id.* at 5.)  This puts his federal petition well beyond the limitations period, and he has raised no other adequate basis for tolling. (*See* Order of Aug. 31, 2009 at 5:1–25 (calculating running of limitations period); *see also* Report and Recommendation of Nov. 28, 2007 at 16:9–17:3 (unobjected-to findings that alleged mailroom delays and lockdowns did not delay Petitioner's filing of his federal petition).)

Even though Respondent addressed Petitioner's arguments without specifically pointing out the federal petition was untimely in any event,[1] this defense has not been waived and is subject to being raised by the Court sua sponte. *Day v. McDonough*, 547 U.S. 198, 207–09 (2006); *see especially id.* at 209–10 ("We stress that a district court is not

---

[1] The reason for Respondent's failure to raise this specific argument appears to be the change in the California Rules of Court, Rule 29.4(b)(2)(C) (later renumbered as Rule 8.532(b)(2)(C)), which provided as of January 1, 2003, the California Supreme Court's denial of a writ of habeas corpus is final on filing. *See Phelps v. Alameida*, 569 F.3d 1120, 1125 n.7(9th Cir. 2009). Under the old rule, the limitations period would have begun to run thirty days after the state supreme court denied the writ, or February 16, 2006. Under that regime, Petitioner's arguments might have succeeded.

required to doublecheck the State's math. . . . Nevertheless, if a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge.") Ordinarily the Court would give Petitioner a chance to respond, *id.* at 210 (citation omitted), but as the petition was already in the process of being dismissed as untimely on other grounds, the Court merely noted this as an alternate basis for its order.

Even if jurists of reason thought Petitioner had presented clear and convincing evidence he had filed his first state petition on August 30, 2005, the running of the limitations period is still evident from the record. Furthermore, although Petitioner addresses his other arguments in detail in his notice of appeal, he fails to address the alternate basis for the Court's order. The COA is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: September 21, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge